United States District Court
Southern District of Texas
**ENTERED**
November 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THELMA M. JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-02612 |
| | § | |
| MEGAN J. BRENNAN, | § | |
| POSTMASTER GENERAL, UNITED | § | |
| STATES POSTAL SERVICE, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Thelma M. Johnson brings this suit claiming age discrimination and a hostile work environment. Defendant has filed a Motion for Summary Judgment [Doc. # 22] ("Motion") seeking dismissal of all Plaintiff's claims. Plaintiff has filed a Response [Doc. # 31], Defendant filed a Reply [Doc. # 35], and Plaintiff filed a Surreply [Doc. # 39]. The Motion is ripe for decision. Having now considered the parties' briefing, applicable legal authorities, and all matters of record, the Court determines that Defendant's Motion should be **granted** and that Plaintiff's claims should be **dismissed with prejudice**.

## **I.     BACKGROUND**

Plaintiff is a former employee of Defendant United States Postal Service

("USPS").[1] Plaintiff was hired by USPS as a mail carrier in 1995. In 1999 she became Supervisor of Customer Service at the La Marque Post Office in La Marque, Texas. In 2010, Plaintiff left the La Marque Post Office and served consecutive details at other work stations through August 2015. Plaintiff's Exh. # 9 (Plaintiff's Deposition), at 22-27.

On August 15, 2015, Teresa Brady, the Manager of Post Office Operations for seventy-two post offices including La Marque, instructed Plaintiff to return to La Marque as a 204B Supervisor of Customer Service. At the time, Plaintiff was sixty-six years old. Response, at 19. Defendant states that Brady returned Plaintiff to the La Marque station as a 204B supervisor because the station lacked sufficient coverage for Plaintiff's position. Motion, at 3 (citing record). Plaintiff's supervisor was Aimee Policano, the Postmaster at the La Marque station.

In 2014 and 2015, which was during the five-year period that Plaintiff was not working as supervisor at the La Marque Post Office, the supervisor position was filled by Adam Dixon, a white male who was thirty-five years old in 2015. Response, at 19-20 (citing record). In 2015, Dixon was transferred away from the La Marque station.

---

[1] Plaintiff objects to several of Defendant's affidavits and declarations, asserting that their statements are not based on personal knowledge. *See* Response, at 8-9 (discussing Defendant's Exhs. ## 2, 4, 6, and 8). Because the Court does not rely on these exhibits for any rulings herein, Plaintiff's objections are **overruled** as moot.

Cheryl Cappa, a white female who was thirty-nine years old in 2015 and worked as a mail carrier at the La Marque station, volunteered for training as a 204B acting supervisor. Policano selected Cappa to fill in when Policano and Plaintiff were out of the office. When not serving as acting 204B supervisor, Cappa continued with her carrier duties. *See* Response, at 20; Plaintiff's Exh. # 12 (Policano Deposition), at 99-100.

Plaintiff alleges that, after she returned to the La Marque station in August 2015, Policano repeatedly changed her work schedule. Defendant agrees that Plaintiff's schedule was changed and explains that adjustments were made in October 2015 because medical restrictions prevented Plaintiff from working more than eight hours; in December 2015 because of staffing shortages; and sometime after December 2015 because the office received additional staffing and Policano no longer needed Plaintiff to work late hours. Defendant maintains that Policano also changed the schedules of Dixon and Cappa when they served as acting supervisors. Motion, at 5-6 (citing, *inter alia*, documents from EEO investigative file). Plaintiff disputes Defendant's version of the facts but provides no record citations in support of her position. *See* Response, at 16, 18-19.

Plaintiff also alleges that Policano treated Dixon, Cappa, and others more favorably than Plaintiff. She claims that Policano trusted Dixon and Cappa with keys

to Policano's office and with Policano's computer password. *See id.* at 20-22 (citing, *inter alia*, deposition testimony of Policano, Dixon, and Cappa). She alleges that Policano never gave Plaintiff a key "because Postmaster Policano testified during her deposition that she did not trust Plaintiff." *Id*. at 21 (citing deposition testimony of Plaintiff and Policano).

Plaintiff alleges that Policano asked her "on several occasions" in 2015 and 2016 why she did not retire. Complaint [Doc. # 1], at 20-21, ¶ 34. At deposition, Plaintiff testified that Policano commented to her "If you want to be off, you need to retire. You can be off any day you want to." Plaintiff's Exh. # 9 (Plaintiff's Deposition), at 47. She also testified that Policano told her "I hope that when I reach your age, I don't have to work." *Id*. at 77. Plaintiff also alleges that Dixon, a man younger than Plaintiff, asked her when she was retiring. *Id*. at 94. Plaintiff testified that she contemplated leaving employment because of "all of this embarrassment and treating me like I'm nobody." *Id*. *See* Plaintiff's Exh. # 23 (Plaintiff's Declaration) (undated), at 4, ¶¶ 7-8 (Policano falsely accused Plaintiff of stealing $80 from a cash drawer and "totally embarrassed and humiliated" Plaintiff by taking away job duties and responsibilities).

On August 28, 2015, Plaintiff filed an informal complaint with an EEO counselor. *See* Defendant's Exh. # 11 (EEO Investigative File). The counselor

interviewed Plaintiff and Policano, and subsequently issued a notice of Plaintiff's right to file a formal complaint. On November 30, 2015, Plaintiff filed her formal EEO complaint alleging discrimination based on race, color, religion, sex, age, and disability, in addition to retaliation and harassment. *Id*. The EEO's investigation of Plaintiff's claims was completed on March 8, 2016. On May 26, 2016, the USPS issued a final agency decision finding no discrimination. Defendant's Exh. # 14 (Final Agency Decision).

Plaintiff filed this suit on August 28, 2016. She brings claims for age discrimination and hostile work environment.[2] In August 2017, Plaintiff retired from the Post Office. Response, at 38.

## II.  **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers*

---

[2]  Plaintiff originally brought this action alleging discrimination based on her race (African-American), age (over 40), sex (female), and disability (on the job back injury); hostile work environment; and denial of benefits and reasonable accommodation of her disability. Complaint [Doc. # 1], at 1-2. She has withdrawn her claims for discrimination based on sex, race, and disability. Response, at 6.

*Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled in part on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation

and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, although the Court may consider all materials in the record when

deciding a summary judgment motion, "the court need consider only the cited materials." FED. R. CIV. P. 56(c)(3). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

## III. ANALYSIS

### A. Age Discrimination

Plaintiff brings a claim of discrimination under the Age Discrimination in Employment Act ("ADEA"). Federal sector employees are protected against age discrimination under 29 U.S.C. § 633a. *See Gomez-Perez v. Potter*, 553 U.S. 474 (2008). The Title VII burden-shifting framework applies to ADEA cases. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

To establish a *prima facie* case of discriminatory treatment based on age, a plaintiff must prove: (1) that she is within the protected class, *i.e.*, at least forty years old; (2) that she is qualified for the position; (3) that she suffered an "adverse employment decision"; and (4) that she was "replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate

treatment because of membership in the protected class)." *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013) (internal citation and quotation marks omitted). If the plaintiff demonstrates a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant does so, the burden shifts back to the plaintiff to establish that the articulated reason is a pretext for illegal discrimination. Despite this burden-shifting, at all times the plaintiff bears the "ultimate burden" of demonstrating that the defendant intentionally discriminated against her. *Jackson*, 602 F.3d at 378.

Plaintiff is over forty years old and thus satisfies the first prong of her *prima facie* case. The Court will assume that Plaintiff also has met her burden under the second prong to show that she was qualified for her position.

Under the third prong, Plaintiff must show that she suffered an adverse employment action. In her complaints before this Court and the EEO, Plaintiff specified that Defendant's improper actions were as follows: Defendant removed Plaintiff from her detail assignment and returned her to the La Marque station; at the La Marque station, Defendant repeatedly changed Plaintiff's days off and her schedule varied from week to week; Plaintiff was required to take long lunches based on other carriers' schedules; Policano called Plaintiff's cell phone when Plaintiff was out on sick leave; and, Plaintiff was forced to take "comp time" instead of receiving overtime

pay. *See* Complaint [Doc. # 1]; Defendant's Exh. # 14 (Final Agency Decision).[3] In her briefing in this Court, Plaintiff further alleges that, in addition to changing Plaintiff's schedule week to week, Policano "did other discriminatory things" and "hid this discriminatory conduct" from management by not filing the "USPS Form 1723" with schedule changes as was required by USPS policy. Response, at 33 (citing, *inter alia*, Plaintiff's deposition); *id*. at 16-18. She also alleges that Policano trusted Dixon and Cappa with office keys, computer passwords, and other privileges but did not afford Plaintiff the same treatment.[4]

Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating. *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). *See Ogden v. Brennan*, 657 F. App'x 232, 235 (5th Cir. 2016). The majority of Plaintiff's allegations—in particular, her complaints about schedule changes, lunch schedules, Policano's call to her while she

---

[3] Plaintiff also alleged before the EEO that Defendant forced her to exceed her medical restrictions and to work "Sunday Amazon" duties without proper training, but dismissed these specific claims at her deposition. *See* Defendant's Exh. # 1 (Plaintiff's Deposition), at 86, 109.

[4] *See* Plaintiff's Exh. # 23 (Plaintiff's Declaration), at 4, ¶ 7 (Policano gave Dixon a key to her office and a computer password that she refused to give Plaintiff); *id*. at 6, ¶ 10 (Policano gave Cappa a key to her office and a computer password that she refused to give Plaintiff, and gave Cappa more favorable treatment in work scheduling); *id*. at 7, ¶ 12 ("I was never allowed to attend USPS supervisor meetings by Postmaster Policano even though she allowed Ms. Cappa, a person with no supervisory experience, to do so").

was on sick leave, and Policano's refusal to provide keys or computer passwords—are plainly insufficient under Fifth Circuit precedent to demonstrate an adverse employment action. *See McCoy*, 492 F.3d at 559; *Breaux v. City of Garland*, 205 F.3d 150, 157-58 (5th Cir. 2000). As for Plaintiff's allegations that she was forced to take compensatory time rather than being paid overtime, which arguably would suffice as an adverse employment action,[5] any such claim clearly fails on the fourth prong.

The fourth prong of a *prima facie* age discrimination case requires Plaintiff to show that she was "replaced by someone younger" or "treated less favorably" than a younger, similarly situated employee. *See Leal*, 731 F.3d at 410-11. Plaintiff identifies Dixon and Cappa as appropriate comparators because both were younger 204B supervisors who performed the same job as Plaintiff, with the same duties, under Policano's supervision. *See* Response, at 31-32. Regarding overtime pay, Plaintiff argues that Dixon and Cappa were treated more favorably because Plaintiff was "forced" to take comp time instead of overtime pay.[6] However, Plaintiff fails even

---

[5] *See Haire v. Bd. of Supervisors of La. State Univ Agric. and Mech. Coll.*, 719 F.3d 356, 367 & n.16 (5th Cir. 2013) (allegation that plaintiff was ineligible for overtime pay affected compensation and therefore arguably alleged an adverse employment action).

[6] Plaintiff argues at length that Policano's practice of offering comp time was against USPS policy and even illegal. *See* Response, at 33-35. This argument is irrelevant to whether Plaintiff's younger comparators were treated more favorably.

to allege that Policano treated Dixon and Cappa differently, instead alleging that all three employees had the opportunity for comp time but that "Plaintiff would not 'play ball' and accept comp time like . . . Dixon and Cappa, who eagerly accepted comp time instead of being paid for overtime . . . with the hope that one of them would get Plaintiff's job . . . once Plaintiff retired." Response, at 33-34. By Plaintiff's own allegations, she was offered the same options and opportunities as her younger comparators. The fact that Dixon and Cappa took the option while Plaintiff refused it does not demonstrate that Plaintiff was treated less favorably. Because Plaintiff has not demonstrated a genuine issue of material fact as to the fourth prong of her *prima facie* case, Defendant is entitled to summary judgment.

Moreover, even assuming that Plaintiff could demonstrate a *prima facie* case, Defendant has articulated a non-discriminatory reason for its employment actions, in particular, staffing needs at the La Marque station. *See* Motion, at 3 (Brady returned Plaintiff to the La Marque station "because she was needed there," because "[t]here was a lack of sufficient coverage for her position in La Marque," and because Plaintiff "had been out of her home office and away on detail for years"). Defendant's burden at this stage is "one of production, not persuasion" and involves "no credibility assessment." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 236 (5th Cir. 2016) (internal citation and quotation marks omitted). The burden thus shifts back to

Plaintiff to demonstrate that Defendant intentionally discriminated based on her age. *See Jackson*, 602 F.3d at 378-379.

Plaintiff has failed to demonstrate a genuine issue of material fact as to her ultimate burden. As evidence of Policano's intent to discriminate, Plaintiff cites to evidence of certain remarks allegedly made by Policano. *See* Plaintiff's Exh. # 9 (Plaintiff's Deposition), at 47 (Plaintiff testified that when she asked for a day off, Policano stated, "If you want to be off, you need to retire. You can be off any day you want to"); *id*. at 77 (Plaintiff states that Policano told her, "'I hope that when I reach your age, I don't have to work'"); Plaintiff's Exh. # 26 (Sweeney Deposition), at 60 (Jeannie Sweeney, who also was employed at the La Marque station, testified that she had heard Policano comment that Plaintiff "is getting older").[7] These alleged remarks are insufficient because none pertain to an adverse employment action alleged by Plaintiff in this suit, such as the denial of overtime pay. *See Moss v. BMC Software,*

---

[7] *See also id*. at 50 (Sweeney also testified that Policano was trying to get rid of Plaintiff as a supervisor by "mak[ing] sure that she works more hours so . . . that she'll retire"); *id*. at 29 (Sweeney testified that Cappa made age-related comments about Plaintiff and wanted Plaintiff's job after Plaintiff retired).

Sweeney also testified that Plaintiff had "medical reasons" not to work long hours and that Policano "should be accommodating" of the restrictions. Defendant's Exh. # 15 (Sweeney Deposition), at 31-32. This allegation pertains to Plaintiff's claim of discrimination based on her disability, which Plaintiff has dismissed, and is irrelevant to Policano's intent to discriminate based on Plaintiff's age.

*Inc.*, 610 F.3d 917, 929 (5th Cir. 2010).[8]  Rather, all of the remarks pertain to Plaintiff's retirement, which did not occur until August 2017—well after the EEO investigation had closed and this lawsuit had been filed.

Plaintiff has failed to demonstrate a genuine issue of material fact as to intentional discrimination based on age, which is an additional ground for summary judgment in Defendant's favor.[9]

For all of the foregoing reasons, summary judgment is granted on Plaintiff's ADEA claims.

### B. Hostile Work Environment Claim

---

[8] "Remarks may serve as sufficient evidence of age discrimination if they are: 1) age related, 2) proximate in time to the employment decision, 3) made by an individual with authority over the employment decision at issue, and 4) **_related to the employment decision at issue_**." *Moss*, 610 F.3d at 929 (internal quotation marks and citation omitted) (emphasis added). "Comments that do not meet these criteria are considered 'stray remarks,' and standing alone, are insufficient to defeat summary judgment." *Jackson*, 602 F.3d at 380 (footnotes omitted).

[9] Under the ADEA provision applicable to non-federal employees, a plaintiff must prove that age was the "but for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).  Plaintiff argues that, under the ADEA's federal sector provision, she is required only to show that age was a "motivating factor." *See Ford v. Mabus*, 629 F.3d 198, 206 (D.C. Cir. 2010) (holding that the "but for" causation standard does not apply to federal sector ADEA claims). The Fifth Circuit has not yet resolved this issue. *Leal*, 731 F.3d at 411-12 (declining to decide proper causation standard for federal sector ADEA claims because appellants had stated a claim for relief under either standard). *See Logan v. Sessions*, 690 F. App'x 176, 179 (5th Cir. 2017).  This Court need not address the proper causation standard because Plaintiff has failed to demonstrate a genuine issue of material fact even under the less demanding "motivating factor" standard.

A hostile work environment claim based on age requires that the plaintiff prove five elements: (1) she belongs to a protected class, *i.e.*, is over the age of forty; (2) she was subjected to unwelcome harassment based on her age; (3) the harassment created an "objectively intimidating, hostile, or offensive work environment"; and, (4) there is some basis for the employer's liability. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). *See Ogden*, 657 F. App'x at 236. To satisfy the third prong, the environment must be "'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Dediol*, 655 F.3d at 441 (quoting *Alaniz v. Zamora–Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)).

> Moreover, the complained-of conduct must be both objectively and subjectively offensive. This means that not only must a plaintiff perceive the environment to be hostile, but it must appear hostile or abusive to a reasonable person. To determine whether conduct is objectively offensive, the totality of the circumstances is considered, including: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.

*Dediol*, 655 F.3d at 441 (internal quotation marks omitted) (citing *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)).

In support of her hostile work environment claim, Plaintiff alleges that Policano asked her in 2015 and 2016 why she did not retire. *See* Plaintiff's Exh. # 9 (Plaintiff's

Deposition), at 47 (Plaintiff testified that if she were to ask for a Saturday off, Policano would "make the statement like, 'If you want to be off, you need to retire. You can be off any day you want to'"); *id.* at 77 (Plaintiff testified that in 2016 Policano told her, "'I hope that when I reach your age, I don't have to work.'").[10] Plaintiff testified at deposition that she contemplated leaving employment because of "all of this embarrassment and treating me like I'm nobody." *Id.* at 94. She stated in her Declaration that Policano "told [Plaintiff] that she had not asked for me to come back [to the La Marque station] very angrily and nastily" and that Plaintiff felt that Policano "totally disliked me." *See* Plaintiff's Exh. # 23 (Plaintiff's Declaration), at 3, ¶ 6. As noted previously, Plaintiff alleges that Policano did not trust her with office keys and computer passwords. Her Declaration alleges that Policano "totally embarrassed and humiliated" Plaintiff by taking away job duties and responsibilities, *id.* at 4, ¶ 7; that Policano accused Plaintiff of stealing $80 from a cash register and, after Policano learned she had made a mistake, did not apologize, *id.* at 4-5, ¶ 8; and that Policano made unspecified age-related jokes about Plaintiff in front of others, *id.* at 4-5, ¶¶ 8-9. Plaintiff asserts that the deposition testimony of Jeannie Sweeney

---

[10] *See also id.* at 94 (in 2015 Dixon asked Plaintiff when she was retiring and, when Plaintiff said she had no plans to retire, Dixon stated that someone had told him that Plaintiff was retiring).

"confirmed" the conditions that "Plaintiff had to endure."[11]

Plaintiff's allegations, even if proven, are insufficient to demonstrate a hostile work environment. Under Fifth Circuit precedent, the comments and treatment alleged by Plaintiff do not demonstrate a work environment that is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment." *See Dediol*, 655 F.3d at 441. In other cases with more egregious comments and treatment, the Fifth Circuit has held that relief is unavailable on a claim for hostile work environment. *See*, *e.g.*, *Ogden*, 657 F. App'x at 236-37 (appellant's claims that USPS supervisors and fellow employees called him a "precious possession," "old fart," "cry baby," "little brat," and "crazy old man" and his "vague assertions" of bullying and name-calling were "'insufficient to create a genuine issue of material fact' as to whether his work environment was hostile") (citing *Reed v. Neopost USA*, 701 F.3d 434, 440 (5th Cir. 2012)).

---

[11] Response, at 38; *see* Plaintiff's Exh. # 22 (Sweeney Deposition) at 17 (Sweeney believes that Policano discriminated against Plaintiff based on age because Policano scheduled Plaintiff to work hours that Plaintiff is not "medically capable" of working, and did not try to find someone to substitute for Plaintiff); *id.* (Sweeney believes that Policano discriminated based on Plaintiff's age because Policano requires Plaintiff to work from 11:00 or 12:00 until 7:00 or 8:00 p.m. when Policano "could take the scheduling and fix it way better"); *id.* at 29 (Sweeney heard Cappa say loudly in the workplace that she wanted Plaintiff's job and that it was time for Plaintiff to leave); *id.* at 30 (Sweeney believes that Policano discriminated based on Plaintiff's age because Policano "overworks" Plaintiff and does not get help for Plaintiff); Plaintiff's Exh. # 26 (Sweeney Deposition), at 50 (Policano was trying to get rid of Plaintiff as a supervisor by "mak[ing] sure that she works more hours . . . that she'll retire").

Summary judgment on this claim is granted for Defendant.

C. **Rule 37(e) Sanctions**

In her Response, Plaintiff requests that the Court sanction Defendant for spoliation of evidence under Rule 37(e). Plaintiff argues that Defendant did not identify or disclose certain emails that Policano referenced in her deposition. Plaintiff argues at length that Policano failed to sign and return a Litigation Hold Notice from the EEO investigator regarding preservation of evidence relevant to this case. *See* Response at 25, 39-45; Plaintiff's Exh. # 7 (unsigned Litigation Hold Notice); Plaintiff's Exh. # 19 (notice of failure to return signed Litigation Hold Notice). She apparently infers wrongdoing from Policano's failure to return the form.

Whether or not Policano signed the Litigation Hold Notice, Defendant did not destroy the emails and has now produced them with its Reply, in response to Plaintiff's request for sanctions. *See* Defendant's Exh. # 16A. The emails were exchanged between Policano and Plaintiff in 2015 and 2016, and in several messages Policano admonished Plaintiff for her job performance.

Rule 37(e) provides for sanctions if electronically stored information "is lost because a party failed to take reasonable steps to preserve it, *and it cannot be restored or replaced through additional discovery*," and for certain sanctions requires a showing of "prejudice . . . from loss of the information." FED. R. CIV. P. 37(e)

(emphasis added).  In this instance, the emails clearly were not destroyed.  Moreover, they presumably have been within Plaintiff's possession because they all were sent either by or to Plaintiff.  Finally, although Plaintiff continues to urge in her surreply that the emails should be excluded, Defendant does not rely on this evidence in the pending summary judgment motion, but rather produced them only in response to Plaintiff's request for sanctions.

Plaintiff' request for sanctions is **denied**.

## IV.  CONCLUSION

For the foregoing reasons it is hereby

**ORDERED**  that Defendant's Motion for Summary Judgment [Doc. # 22] is **GRANTED**.  All of Plaintiff's claims are **DISMISSED with prejudice**.  It is further

**ORDERED** that Plaintiff's request for Rule 37 sanctions is **DENIED**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **27th** day of **November, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE